# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs April 14, 2009

## STATE OF TENNESSEE v. MICHAEL LAMAR PRITCHETT

**Direct Appeal from the Circuit Court for Tipton County**
**No. 5900     Joseph H. Walker III, Judge**

---

**No.W2008-02396-CCA-R3-CD  - Filed August 31, 2009**

---

The defendant, Michael Lamar Pritchett, presents for review a certified question of law as allowed by Rule 37(b)(2) of the Tennessee Rules of Criminal Procedure.  The defendant pled guilty to driving under the influence (DUI).  As a condition of his guilty plea, the defendant reserved a certified question of law challenging the denial of his motion to suppress based upon his allegation that he was subjected to an unconstitutional investigative stop.  Because the defendant failed to meet the requirements of reserving a certified question for review, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

J.C. McLIN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Jeffery L. Stimpson, Munford, Tennessee, for the appellant, Michael Lamar Pritchett.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; D. Michael Dunavant, District Attorney General; and Billy Burk, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant was indicted for driving under the influence (DUI).  Thereafter, the defendant filed a motion to suppress challenging the validity of the investigative stop that led to his arrest for DUI.  At the suppression hearing, Deputy Sheriff Kenneth McAnally[1] of the Tipton County Sheriff's Office testified that on July 4, 2007, at approximately eight o'clock p.m., he was standing on the southeast corner of northbound Wilkinsville Road in Tipton County.  He stated that while he was engaged in a seatbelt check, he saw a blue truck traveling northbound on Wilkinsville Road overtake

---

[1] We refer to the officer who made the stop as he is referred to in the transcript of the suppression hearing. However, the record and the parties' briefs contain a number of different versions of the officer's name.  The indictment for DUI refers to "Dep. Sheriff Keith McAnally, the trial court's order denying the motion to suppress refers to "Officer Mcanally," the affidavit of complaint refers to "Deputy McAnally," the defendant's brief refers to "Deputy Sheriff McAnally, and the state's brief refers to "Officer Ken McNally."

another vehicle in a no-passing zone. Deputy McAnally signaled the driver of the truck to pull over to the side of the road. He identified the driver of the truck as the defendant. Deputy McAnally said that upon making contact with the defendant, he immediately noticed that some kind of liquid had been spilled on his shorts and that the defendant smelled of beer. The defendant first denied that he had been drinking, however, he later admitted to consuming one beer. At the request of Deputy McAnally, the defendant took a field sobriety test and preformed poorly. The defendant agreed to a chemical test which indicated that he had a blood alcohol level of 0.11. Deputy McAnally testified that the legal limit in Tennessee was 0.08 for a person over twenty-one years old and 0.02 for a person under twenty-one years old. At the time of the stop, the defendant was twenty years old.

On cross-examination, Deputy McAnally described the conditions that evening as "typical"and said "it was getting dark, but it wasn't dark yet." He asserted that nothing was obstructing his view of the road. From where he stood at the intersection, Deputy McAnally could see the yellow line in the road where the defendant overtook the other vehicle. He also knew that the defendant passed the other vehicle where Meadow View Road intersected with Wilkinsville Road; and he knew that was where the no-passing zone started. He stated that the defendant had to stop quickly upon reentering the northbound lane in order to avoid running a stop sign at the intersection of Wilkinsville Road and Simmons Road. Deputy McAnally stated that at the time he observed the defendant overtaking the other vehicle, he saw that the line in the road at the defendant's location indicated a no-passing zone.

The defendant testified that on July 4, 2007, he was traveling northbound on Wilkinsville Road. He stated that before he reached the intersection with Simmons Road, he passed another vehicle. According to the defendant, the road was clearly marked as a passing zone. The defendant agreed that he initially told the officer who stopped him that he had not been drinking. He said that he later corrected his answer by telling the officer that he drank one beer. The defendant admitted that when the officer stopped him, he "had a buzz."

The trial court denied the defendant's motion to suppress. The defendant subsequently entered a guilty plea to the DUI charge in exchange for a sentence of up to eleven months, twenty-nine days. As part of his plea, the defendant waived his right to appeal except as to a certified question reserved for appeal. A judgment was entered and the certified question was restated on the judgment form.

Analysis

Pursuant to Rule 37 of the Tennessee Rules of Criminal Procedure, in order for this court to address a certified question reserved upon the entry of a plea agreement:

> (i) the judgment of conviction or other document to which such judgment refers that is filed before the notice of appeal, contains a statement of the certified question of law that the defendant reserved for appellate review;

> (ii) the question of law is stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;

-2-

(iii) the judgment or document reflects that the certified question was expressly reserved with the consent of the state and the trial court; and

(iv) the judgment or document reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case[.]

Tenn. R. Crim. P. 37(b)(2)(A)(i) - (iv) (incorporating the requirements set out by the Tennessee Supreme Court in *State v. Preston*, 759 S.W.2d 647, 650 (Tenn. 1988)). If the conditions for reserving a question are not met, this court is without jurisdiction to hear the appeal, and the appeal must be dismissed. *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996). The burden is on the defendant to see that these prerequisites are met and that the record brought to the appellate court contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. *Id.* Under our supreme court's holding in *Preston*:

> [w]here questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by the defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the defendant, the State, nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case.

759 S.W.2d at 650. The Tennessee Supreme Court has relaxed the *Preston* requirements by allowing a certified question to be set out in an independent document, if such document is incorporated by reference into the judgment. *State v. Irwin*, 962 S.W.2d 477, 479 (Tenn. 1998). However, substantial compliance with *Preston* is not sufficient to properly certify a question of law. *State v. Armstrong*, 126 S.W.3d 908, 912 (Tenn. 2003). Moreover, *Preston* and Rule 37(b)(2) "have defined a bright-line rule from which this court may not depart." *State v. Christopher Christie,* No. M2006-00612-CCA-R3-CD, 2007 WL 152484, at *4 (Tenn. Crim. App., at Nashville, Jan. 18, 2007).

> In the instant case, the judgment form designates the certified question as follows:

> Whether the warrantless stop/seizure of the defendant's vehicle was permissible under the Fourth Amendment to the United States Constitution and Article I, Section 7 of the Tennessee Constitution and whether the trial court erred by failing to suppress any evidence obtained therefrom.

The record contains a plea agreement setting forth the same question as stated in the judgment form, but the final judgment does not make reference to the plea agreement or any other document. The record contains no final order other than the judgment form. Therefore, the judgment form alone must meet the required standard. *See State v. Curtis Emmanuel Lane*, No. E2004-02340-CCA-R3-

CD, 2005 WL 2862972, at *3-4 (Tenn. Crim. App., at Knoxville, Nov. 2, 2005), *perm. app. denied* (Tenn. Mar. 20, 2006).

The state argues that the defendant's certified question does not sufficiently narrow the issue on appeal and that this court should therefore dismiss the appeal. This court has previously dismissed appeals concluding that the certified question was overly broad. For example, in *State v. Nicholas J. Johnson*, No. M2000-03162-CCA-R3, 2001 WL 1356369, at *2 (Tenn. Crim. App., at Nashville, Nov. 6, 2001 ), *perm. app. denied* (Tenn. Apr. 8, 2002), a panel of this court declined to review the question certified,"the validity of the search and seizure," concluding that the question was overly broad and failed to identify the reasons relied upon by the defendant at the suppression hearing. Similarly, in *State v. Kale J. Sandusky*, No. M2008-00589-CCA-R3-CD, 2009 WL 537526, at *3 (Tenn. Crim. App., at Nashville, Mar. 4, 2009), *perm. app. filed* (Tenn. May 1, 2009), a panel of this court dismissed an appeal concluding the defendant's certified question was overly broad and failed to clearly identify the scope and limits of the legal issue reserved. At the trial level, the defendant framed the certified question: "whether or not the entries by law enforcement into [the Defendant's] home on October 23, 2006 were in violation of constitutional guarantees against unreasonable searches and seizures under the state and federal constitutions. . . ." *Id*. However, on appeal, the defendant's brief presented the issue: "[m]ust arrest warrants for the offense of 'failure to appear' be issued by a neutral and detached magistrate upon a sworn affidavit setting forth probable cause?" *Id*. In dismissing the appeal, this court noted that the certified question originally reserved for review did not mention the validity of the arrest warrant. *Id.; but see State v. Harris*, 919 S.W. 2d 619, 620-21 (Tenn. Crim. App. 1995) (concluding that the certified question presented, "whether the search of [the defendant's] property which yielded the marijuana was valid" was adequate, stating that the issue need not be framed to meet "standard 'law-school' format.").

In the instant case, the record reveals that the trial court denied the defendant's motion to suppress finding, "the officer had a reasonable suspicion to stop the vehicle since it appeared to him at least, that the driver passed in a no-passing zone." On appeal, the defendant argues that Deputy McAnally lacked reasonable suspicion to justify the stop. However, the certified question stated on the judgment form does not specifically address whether or not Deputy McAnally had a reasonable suspicion in stopping the defendant's vehicle. Therefore, the scope of the certified question has not been defined in terms of the specific issue passed on by the trial court or argued on appeal. However, because the judgment form was deficient in other respects, we need not address whether the scope of the certified question was sufficiently limited. The final order must also state that the certified question was expressly reserved as part of the plea agreement, that the state and the trial judge consented to the reservation, and that the state and the trial judge agreed that the question was dispositive of the case. *Preston*, 759 S.W.2d at 650. Even if such consent and agreement by the parties might be inferred, a judgment does not meet the requirements for appellate review if there is no "mention that the State and the trial court consented to the reservation or that they agreed that the question was dispositive." *State v Scott Eric McDonald*, No. E2006-02568-CCA-R3-CD, 2007 WL 4460141, at *3 (Tenn. Crim. App., at Knoxville, Dec. 20, 2007) (concluding that requirements were not met where parties signed the judgment form which stated the certified question reserved for review). Additionally, although requirements for review may be satisfied through another document, that document must be referred to in the judgment. *See State v. Bowery*, 189 S.W.3d 240, 246 (Tenn. Crim. App. 2004). In this case, the judgment form does not state that parties are of the

opinion that the certified question is dispositive of the case, nor does the judgment state that the certified question was reserved with the consent of the parties. Moreover, the judgment does not incorporate by reference any other document that would satisfy the requirements for appellate review. We conclude that defendant's certified question fails to meet the requirements of Rule 37(b)(2) of the Tennessee Rules of Criminal Procedure. Thus, we are without jurisdiction to review the merits of defendant's claim.

Conclusion

Following our review, the appeal is dismissed.

_____
J.C. McLIN, JUDGE